UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANKIE BELFORD,

    Petitioner,

v.                                                                          CASE NO. 6:07-cv-1675-Orl-22KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 8). Petitioner filed a reply to the response (Doc. No. 11).

Petitioner alleges four claims for relief in his petition. For the following reasons, the Court concludes that the petition is untimely and must be dismissed.

### I.  *Procedural History*

Petitioner was charged by information in June of 1993 with three counts of lewd act upon a child. Pursuant to a written plea agreement, Petitioner entered a plea of guilty to count one and counts two and three were nolle prossed. On February 8, 1994, Petitioner was adjudicated guilty and sentenced to a fifteen-year term of imprisonment. Petitioner did not appeal his conviction or sentence.

On May 26, 2004, Petitioner filed a Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence.[1] The state trial court denied the motion on June 24, 2005. Petitioner did not appeal.

On December 29, 2005, and May 1, 2006, Petitioner filed identical Rule 3.800(a) motions, both of which were denied on January 19, 2007. Petitioner appealed, and the Fifth District Court of Appeal of Florida *per curiam* affirmed on March 27, 2007. Mandate was issued on April 13, 2007.[2]

## II.     *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

[2] *See* http://www.5dca.org. (Case No. 5D07-763).

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Petitioner, whose conviction became final prior to April 24, 1996, had through April 23, 1997, absent any tolling, to file a § 2254 motion regarding his conviction. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998) (petitioners whose convictions became final before the enactment of the AEDPA must be provided a reasonable time to file their § 2254 petitions, and one year from the effective date is a reasonable period). The instant petition was filed on October 15, 2007, under the mailbox rule. Because the one-year period of limitation ran on April 23, 1997, Petitioner's habeas corpus petition was not timely filed and must be dismissed.

In his reply brief, Petitioner appears to assert that the one-year limitation should not bar his claims because he is "actually innocent." For purposes of this discussion, the Court will assume, without deciding, that a showing of actual innocence is sufficient to relieve habeas petitioners from the burdens imposed by § 2244(d).[3] "[I]n order to present a valid

---

[3] In *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000), the Eleventh Circuit Court of Appeals declined to decide whether there is an actual innocence

3

claim of actual innocence the petitioner must show that there is reliable 'new' evidence (i.e. not presented at trial) 'showing that it is more likely than not that no reasonable juror would have convicted him.'" *Thomas v. Straub*, 10 F. Supp. 2d 834, 836 (E.D. Mich. 1998). In the present case, Petitioner merely asserts that he is actually innocent of his remaining sentence. This allegation of innocence is not sufficient to undermine the Court's confidence in the outcome of Petitioner's criminal proceedings. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995). Therefore, he does not come under the actual innocence exception, if such an exception exists.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.   This case is **DISMISSED WITH PREJUDICE**.

2.   The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 20th day of August, 2008.

ANNE C. CONWAY
United States District Judge

---

exception to the time limitation of § 2244(d). Instead, the court stated that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed . . . ."

Copies to:
sc 8/20
Frankie Belford
Counsel of Record